**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| CARRINGTON MORTGAGE SERVICES LLC, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | MO:25-CV-00205-DC-RCG |
| | § | |
| MIGUEL ANGEL HERNANDEZ, ARGUELIA VIVIENNE PARRA, and THE UNITED STATES OF AMERICA, | § § § § | |
| *Defendants.* | § | |

## REPORT AND RECOMMENDATION OF THE U.S. MAGISTRATE JUDGE

BEFORE THE COURT is Plaintiff Carrington Mortgage Services LLC's ("Plaintiff") Motion for Default Judgment. (Doc. 24).[1] This matter is before the undersigned United States Magistrate Judge through a standing order of referral pursuant to 28 U.S.C. § 636 and Appendix C of the Local Court Rules for the Assignment of Duties to United States Magistrate Judges. After due consideration, the Court **RECOMMENDS** Plaintiff's Motion for Default Judgment be **GRANTED**. (Doc. 24).

### I.     BACKGROUND

This action was commenced on September 11, 2024, in the 441st District Court, Midland County, Texas against Miguel Angel Hernandez, Arguelia Vivienne Parra, the Secretary of Housing and Urban Development ("HUD"),[2] and Does 1 through 20, inclusive.[3] (Doc. 1-1). The action was removed to this Court on May 1, 2025. (Doc. 1).

---

1. All page number citations are to CM/ECF generated pagination unless otherwise noted.

2. On July 2, 2025, Plaintiff and HUD filed a Joint Motion for Entry of a Consent Order to streamline the litigation. (Doc. 6). The Court granted the Motion and substituted the United States of America for HUD, granting the relief sought by Plaintiff against the United States and relieving the United States from making any further court appearances. (Doc. 7).

3. On September 12, 2025, Plaintiff voluntarily dismissed Does 1 through 20, inclusive, from the case. (Doc. 18).

The relevant factual allegations are as follows. On April 22, 2020, Miguel Angel Hernandez and Arguelia Vivienne Parra ("Defendants") made, executed, and delivered a Note, and subsequently, executed a Deed of Trust to secure the Note with a piece of real property (the "Property"). (Doc. 1-1 at 5–6). The Property in question is commonly known as 4207 Valley Drive, Midland, Texas 79707, more particularly described as:

> LOT 9 AND THE NORTH 4 FEET OF LOT I 0, BLOCK 20, SKYLINE TERRACE UNIT 2, (REPLAT), AN ADDITION TO THE CITY OF MIDLAND, MIDLAND COUNTY, TEXAS ACCORDING TO THE MAP OR PLAT THEREOF OF RECORD IN CABINET A, PAGE 187, PLAT RECORDS OF MIDLAND COUNTY, TEXAS.

*Id*. at 6. Plaintiff is the current assignee of the Deed of Trust. *Id*. at 7. On March 5, 2024, Defendants also executed and delivered a Partial Claims Mortgage to HUD. *Id*. Defendants became delinquent in the payments due on the Note by failing and refusing to pay the installment due on May 1, 2024, and all installments due after that date. *Id*. Plaintiff notified Defendants of their default. *Id*. As of November 7, 2025, to pay off the loan in full, Defendants owe $307,424.10. (Doc. 24 at 4).

Summons in this case were issued as to Defendants before the case was removed to this Court. (*See* Doc. 1). On August 25, 2025, the Court issued an Order for Plaintiff to show cause as to why it had not served Defendants before the service deadline. (Doc. 9). That same day, Plaintiff filed executed summons as to both Defendants. (Docs. 10, 11). Plaintiff's proof of service shows Defendants Arguelia Vivienne Parra and Miguel Angel Hernandez were personally served by process server at 4207 Valley Drive, Midland, Texas 79707, on October 24 and November 4, 2024, respectively. *Id*. On August 26, 2025, the Court issued Orders to both Defendants to show cause as to why they had not filed a responsive pleading in this case. (Docs. 13, 14). To date, Defendants have failed to answer Plaintiff's Complaint or otherwise

2

make an appearance in this lawsuit. On October 28, 2025, Plaintiff filed a Motion for Clerk's Entry of Default. (Doc. 21). The next day, the Clerk of Court entered default against Defendants. (Doc. 22). On December 23, 2025, Plaintiff filed the instant Motion for Default Judgment. (Doc. 24).

Plaintiff seeks (1) a money judgment against Defendants for $307,424.10 plus post-judgment interest at the legal rate until paid in full; (2) an order of judicial foreclosure against the Property; and (3) that the Property be sold via a judicial sale and the foreclosure sale be conducted in accordance with the laws of the State of Texas and the proceeds of said sale applied to satisfy the Defendants' debt. (Doc. 24-2 at 2–3). A hearing was held on the instant Motion for Default Judgment on February 5, 2026. (Doc. 28). Accordingly, this matter is now ripe for disposition.

## II.    LEGAL STANDARD

After entry of default and upon a motion by the plaintiff, Federal Rule of Civil Procedure 55 authorizes the Court to enter a default judgment against a defendant who fails to plead or otherwise defend the suit. FED. R. CIV. P. 55(b). However, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Savs. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). Accordingly, "[a] party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Instead, the district court "has the discretion to decline to enter a default judgment." *Lindsey v. Prive Corp*., 161 F.3d 886, 893 (5th Cir. 1998).

In determining whether to enter a default judgment, courts utilize a three-part test. *See United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384

3

(W.D. Tex. 2008). First, courts consider whether the entry of default judgment is procedurally warranted. *Id*. The factors relevant to this inquiry include:

> (1) whether material issues of fact exist; (2) whether there has been substantial prejudice; (3) whether the grounds for default are clearly established; (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would think itself obliged to set aside the default on the defendant's motion.

*Lindsey*, 161 F.3d at 893. Second, courts assess the substantive merits of the plaintiff's claims, determining whether the plaintiff set forth sufficient facts to establish his entitlement to relief. *See 1998 Freightliner*, 548 F. Supp. 2d at 384. In doing so, courts assume that, due to its default, the defendant admits all well-pleaded facts in the plaintiff's complaint. *See Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Third, courts determine what form of relief, if any, the plaintiff should receive in the case. *Id.*; *1998 Freightliner*, 548 F. Supp. 2d at 384. Generally, damages are not to be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts. *See United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979).

### III.    DISCUSSION

Applying the three-part analysis detailed above, the Court finds Plaintiff is entitled to a default judgment.

### A.  Default Judgment is Procedurally Warranted

In light of the six *Lindsey* factors enumerated above, the Court finds that default judgment is procedurally warranted. First, Defendants have not filed any responsive pleadings or otherwise appeared in this case. Consequently, there are no material facts in dispute. *Lindsey*, 161 F.3d at 893; *Nishimatsu Constr.*, 515 F.2d at 1206 (noting that "[t]he defendant, by his default, admits the plaintiff's well-pleaded allegations of fact."). Second, Defendants' total

4

failure to respond has brought the adversarial process to a halt, effectively prejudicing Plaintiff's interests. *Lindsey*, 161 F.3d at 893. Third, the grounds for default are "clearly established" since over the course of this case, Defendants have not responded to the summons and Complaint, the Court's Show Cause Order, the Entry of Default, or Plaintiff's Motion for Default Judgment. *See J.D. Holdings, LLC v. BD Ventures, LLC*, 766 F. Supp. 2d 109, 113 (D.D.C. 2011) (finding default judgment is appropriate if defendants are totally unresponsive and the failure to respond is plainly willful, as reflected by the parties' failure to respond either to the summons and complaint, the entry of default, or the motion for default judgment).

Fourth, there is no evidence before the Court indicating Defendants' silence is the result of a "good faith mistake or excusable neglect." *Lindsey*, 161 F.3d at 893. Fifth, Defendants have had over a year to respond to Plaintiff's claims or otherwise appear in this matter. Consequently, any purported harshness of a default judgment is mitigated by Defendants' inaction for this lengthy time period. *United States v. Rod Riordan Inc.*, No. 17-CV-071, 2018 WL 2392559, at *3 (W.D. Tex. May 25, 2018). Finally, the Court is not aware of any facts that give rise to "good cause" to set aside the default if challenged by Defendants. *Lindsey*, 161 F.3d at 893. Therefore, the Court finds default judgment is procedurally warranted under these circumstances.

### B. Default Judgment is Substantively Warranted

Due to the entry of default, Defendants are deemed to have admitted the allegations outlined in Plaintiff's Complaint. *See Nishimatsu Constr.*, 515 F.2d at 1206. Even so, the Court must review the pleadings to determine whether Plaintiff pleaded a sufficient basis for its claims to relief. *See id.* Federal Rule of Civil Procedure 8 guides this analysis:

> Rule 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of this requirement is "to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it

> rests.'" The factual allegations in the complaint need only "be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." "[D]etailed factual allegations" are not required, but the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."

*Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (internal citations and footnote omitted) (alteration in original). This "low threshold" is less rigorous than that under Rule 12(b)(6). *Id*.

Here, Plaintiff does not technically plead a cause of action. (*See* Doc. 1-1 at 8). Rather, Plaintiff seeks judicial foreclosure of the Property and a money judgment for the outstanding balance of the Note. *Id*. However, judicial foreclosure is a remedy rather than a cause of action. *U.S. Bank Nat'l Ass'n v. Ross*, No. 15-2385, 2017 WL 2730769, at *1 (S.D. Tex. June 26, 2017) (citing *In re Erickson*, 566 F. App'x. 281, 284 (5th Cir. 2014) (unpublished) (holding that the lender "had a right to pursue judicial foreclosure as a remedy")). Despite this, a majority of courts "appear to cut in favor of reading a breach of contract claim into a judicial foreclosure claim, where only the latter is pleaded." *Ocwen Loan Servicing, LLC v. Kingman Holdings, LLC*, No. 18-CV-1197, 2019 WL 3802167, at *5 (N.D. Tex. May 31, 2019) (collecting cases). The undersigned will do the same and "recommend that the Court find a breach of contract claim subsumed in the pleaded judicial foreclosure claim and that such a reading would satisfy the pleading requirements under Rule 8(a)." *Id*. at *5.

For a Texas breach of contract claim, styled as a judicial foreclosure claim, a plaintiff must show: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Intern., Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (quoting *Valero Mktg. & Supply Co. v. Kalama Int'l, LLC*, 51 S.W.3d 345, 351 (Tex.

Ct. App.—Houston [1st. Dist.] 2001, reh'g overruled)). Here, on April 22, 2020, Defendants executed and delivered a Note to the original lender promising to pay the sum of $293,979.00, with interest, until paid. (Doc. 1-1 at 6, 12–13). Plaintiff subsequently became the owner and holder of the Note. *Id*. Defendants then executed and delivered a Deed of Trust to secure performance of the trustor's obligations under the Note; the Deed of Trust was assigned to Plaintiff on January 4, 2024. *Id*. at 7, 15–26. By executing the Deed of Trust, a lien was granted on the Property for any breach. *Id*. However, payments on the Note have gone unpaid since May 1, 2024. *Id*. Notice of default and request to cure were mailed to Defendants. *Id*. Defendants have directly and proximately caused damage to Plaintiff as the Note remains unpaid. *Id*. Thus, Plaintiff has stated a claim for breach of contract.

### C. Plaintiff's Right to Relief

#### 1. Judicial Foreclosure

As previously stated, damages are not to be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts. *See United Artists Corp.*, 605 F.2d at 857. On February 5, 2026, pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court held an evidentiary hearing covering the issue of remedy. (Doc. 28). Plaintiff seeks a judicial foreclosure of the Property due to Defendants' loan default. At the hearing, Plaintiff's counsel pointed to the affidavit of Plaintiff's employee Jennifer Ann Lozano, which affirms the authenticity of the Note and Deed of Trust. (Doc. 24-1 at 1–4). Further, the affidavit provided that Defendants failed to make their May 1, 2024, payment and all subsequent payments that came due under the loan. *Id*. at 6. Finally, it stated Defendants are currently indebted $307,424.10 with interest accruing. *Id*.

"In determining whether a party is entitled to foreclose on a promissory note secured by real property, a federal court applies the substantive law of the forum state, in this case Texas." *U.S. Bank Nat'l Assoc. v. Vallejo*, No. 16-CV-00009, 2016 WL 4400314, at *4 (W.D. Tex. Aug. 16, 2016) (citing *Resolution Tr. Corp. v. Starkey*, 41 F.3d 1018, 1023 (5th Cir. 1995)). "Under Texas law, lenders have a substantive right to elect judicial or nonjudicial foreclosure in the event of a default . . . ." *Douglas v. NCNB Tex. Nat'l Bank*, 979 F.2d 1128, 1130 (5th Cir. 1992). To obtain a judicial foreclosure in this case, Plaintiff is required to show "(1) the existence of a note secured by real property; (2) that some part of the note is due and unpaid; and (3) that the real property subject to the lien is the same property that it seeks to foreclose." *TFHSP, LLC Series 10147 v. U.S. Bank Nat'l Ass'n*, No. 14-CV-2589, 2016 WL 2856006, at *3 (N.D. Tex. Apr. 18, 2016); *Rinard v. Bank of Am.*, 349 S.W.3d 148, 152 (Tex. App.—El Paso 2011, no pet.) ("To obtain a judicial foreclosure, Bank of America was required to demonstrate that the note was a purchase money note, that some part of the purchase money is due and unpaid, and that the property subject to the lien is the same property on which it seeks to enforce the lien."); *Ocwen Loan Servicing LLP v. Smalley*, No. 14-CV-03039, 2015 WL 9873741, at *3 (N.D. Tex. Nov. 6, 2015); *Thomas v. Ocwen Loan Servicing, LLC*, No. 12-CV-447, 2013 WL 30653, at *5 (N.D. Tex. Jan. 3, 2013) (addressing the distinction between a foreclosure of a purchase money loan and a home equity lien). Because the Court finds Plaintiff sufficiently established it is the owner of the Note, part of the Note is due and unpaid, and the property subject to the lien is the same property it seeks to foreclose, Plaintiff can enforce its rights and properly elect to proceed with judicial foreclosure. (*See* Doc. 24-1).

## 2. Post-Judgment Interest

In its Motion for Default Judgment, Plaintiff also requests post-judgment interest at the legal rate until paid in full. (Doc. 24 at 9). "The issue of post-judgment interest on a judgment entered in federal court is governed by federal law." *Lohr v. Gilman*, No. 15-CV-1931, 2018 WL 6199290, at *11 (N.D. Tex. Nov. 28, 2018) (citing *Hall v. White, Getgey, Meyer Co.*, 465 F.3d 587, 594–95 (5th Cir. 2006)); *First Horizon Home Loans v. Sec. Mort. Corp.*, No. 09-CV-2182, 2010 WL 3659908, at *2 (N.D. Tex. Sept. 16, 2010) ("Regardless of whether a cause of action is based on state law or federal law, federal law determines post-judgment interest.") (citing *Bos. Old Colony Ins. v. Tiner Assocs. Inc.*, 288 F.3d 222, 234 (5th Cir. 2002) (noting that federal post-judgment interest applies even in diversity cases)). The statute 28 U.S.C. § 1961 "provides, in pertinent part, that 'interest shall be allowed on any money judgment in a civil case recovered in a district court' and that such 'interest shall be calculated from the date of entry of judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment.'" *Lohr*, 2018 WL 6199290, at *11 (citing 28 U.S.C. § 1961(a)). Therefore, Plaintiff is entitled to an award of post-judgment interest at the rate published for the week ending prior to the date of judgment until the date paid.

## IV.   RECOMMENDATION

For the aforementioned reasons, the Court **RECOMMENDS** Plaintiff's Motion for Default Judgment be **GRANTED**. (Doc. 24). Further, the Court **RECOMMENDS** a final judgment be entered against Defendants as follows:

It is **ORDERED** that Plaintiff Carrington Mortgage Services LLC is awarded a money judgment against Defendants Miguel Angel Hernandez and Arguelia Vivenne Parra in the amount of $307,424.10 plus post-judgment interest at the legal rate until paid in full.

9

It is further **ORDERED** that in accordance with the terms of the Note, Deed of Trust, Texas Property Code, and applicable law, Plaintiff Carrington Mortgage Services LLC is granted an order of judicial foreclosure against the Property located at 4207 Valley Drive, Midland, Texas 79707, which is legally described as:

> LOT 9 AND THE NORTH 4 FEET OF LOT 10, BLOCK 20, SKYLINE TERRACE UNIT 2, (REPLAT), AN ADDITION TO THE CITY OF MIDLAND, MIDLAND COUNTY, TEXAS ACCORDING TO THE MAP OR PLAT THEREOF OF RECORD IN CABINET A, PAGE 187, PLAT RECORDS OF MIDLAND COUNTY, TEXAS.

It is further **ORDERED** that the Property may be sold via a judicial sale and the foreclosure sale be conducted in accordance with the laws of the State of Texas and the proceeds of said sale applied to satisfy the indebtedness against Defendants Miguel Angel Hernandez and Arguelia Vivenne Parra.

It is further **ORDERED, ADJUDGED, AND DECREED** that, pursuant to the Consent Order, the Deed of Trust and lien of the Secretary of Housing and Urban Development is determined to be junior to Plaintiff's Deed of Trust.

It is further **ORDERED, ADJUDGED, AND DECREED** that the Property be sold at a foreclosure sale, and the United States Marshals in the Western District of Texas are directed and ordered to seize and sell the Property, with the proceeds to be paid towards the satisfaction of the above money judgment awarded to Plaintiff Carrington Mortgage Services LLC.

It is further **ORDERED, ADJUGED AND DECREED** that this judgment **SHALL** have all the force and effect of a writ of possession as between the parties to this suit and also as to any person claiming a right in the Property. The United States Marshal executing this judgment for foreclosure sale shall proceed by virtue of such judgment to place the purchaser of the

Property sold at the foreclosure sale in possession of the Property within thirty days of the foreclosure sale.

It is further **ORDERED, ADJUGED AND DECREED** that all right, title, and interest of Defendants Miguel Angel Hernandez and Arguelia Vivenne Parra, as well as the subordinate lien of the Secretary of Housing and Urban Development in the Property encumbered by the loan agreement are expressly subject to the Court's foreclosure order.

It is further **ORDERED, ADJUGED AND DECREED** if Defendants Miguel Angel Hernandez and/or Arguelia Vivenne Parra, within thirty days after entering of the final judgment, fails to pay Plaintiff Carrington Mortgage Services LLC the full amount due under this judgment, the property shall be sold in accordance with Texas Rule of Civil Procedure 309 at public auction to the highest bidder.

It is further **ORDERED, ADJUGED AND DECREED** the order of sale shall provide that Plaintiff Carrington Mortgage Services LLC, its successors or assigns, have the right to become the purchaser of the Property at the sale conducted pursuant to the order of sale, and Plaintiff Carrington Mortgage Services LLC, its successors or assigns, shall have the right to credit upon amount of the bid made to the extent necessary to satisfy such bid, the amount of the judgment owing to Plaintiff Carrington Mortgage Services LLC.

It is further **ORDERED, ADJUGED AND DECREED** the sheriff or constable conducting the sale **SHALL** deduct out of the proceeds of the foreclosure sale its reasonable fees for conducting the sale and shall distribute the remaining proceeds in accordance with the terms of the Deed of Trust. If any sales proceeds remain, they **SHALL** be distributed then pursuant to the Consent Order between Plaintiff Carrington Mortgage Services LLC and the Secretary of Housing and Urban Development and then to inferior lienholders in order of lien priority.

It is further **ORDERED** that any writs and/or process necessary for the execution and enforcement of this judgment **SHALL** be issued by the Clerk of the Court.

It is further **ORDERED** that the Court retains jurisdiction to enforce this judgment and resolve any post-judgment matters.

It is finally **ORDERED, ADJUGED AND DECREED** that the Consent Order as to United States of America entered on July 7, 2025, (Doc. 7) is a Final Judgment and disposes of all claims related to the United States of America. All relief not expressly granted is **DENIED**. This judgment finally disposes of all parties and all claims related to the Property and is appealable.

SIGNED this 18th day of February, 2026.

RONALD C. GRIFFIN
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT**

In the event that a party ***has not been served*** by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is **ORDERED** to mail such party a copy of this Report and Recommendation by certified mail. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made; the District Judge need not consider frivolous, conclusive, or general objections. Such party shall file the objections with the Clerk of the Court and serve the objections on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the District Judge. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).